THE STATE OF NEW JERSEY, EX REL. JOSEPH E. KELLEY, RELATOR, v. F. OTTO LINKE, RESPONDENT.

Submitted May 7, 1946—Decided September 5, 1946.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the relator, *Edmund A. Hayes.*

For the respondent, *Joseph M. De Hart (Morris Spritzer,* of counsel).

The opinion of the court was delivered by

COLIE, J. An information in the nature of a *quo warranto* was filed in this cause to determine the question of whether relator, Joseph E. Kelley, is the lawful holder of the office of recorder in the Borough of South Plainfield, Union County, New Jersey, and if it is found that he is, that a judgment of ouster be awarded as against F. Otto Linke, the respondent herein and present incumbent.

The agreed facts disclose that on January 1st, 1944, the Borough Council of South Plainfield appointed Mr. Linke as recorder for the term of three years. Thereafter, and until January 1st, 1945, he occupied the office and performed the duties thereof. At the organization meeting of the borough on January 1st, 1945, a resolution was adopted which recited that the appointment of Mr. Linke was for a period of three years.; that the applicable statute provided for an appointment of either one year or five years; that his appointment being for a greater or less period than that provided by statute confers no title and by reason thereof a vacancy exists, and the resolution then went on and appointed Joseph E. Kelley, the relator, as recorder for a period of five years. On January 1st, 1946, a majority of the governing body of South Plainfield passed a resolution reciting the resolution of January 1st, 1945, appointing Mr. Kelley as recorder and then recited that "in point of law and point of fact no vacancy did exist at the time in the office of recorder" and that the appointment of Mr. Kelley "for a period of five years was improper and null and void" and proceeded to rescind the resolution appointing him. After the passage of the resolution of January 1st, 1946, the duties of recorder were resumed by Mr. Linke and he now occupies and performs the duties of that office from which the relator Kelley claims that he has been unlawfully ousted.

The statutory provisions for the appointment of a recorder in a borough read as follows:

*R. S.* 2:223–1. Recorder; one-year term; powers and jurisdiction.

"The governing body of any borough may appoint a recorder. He shall be a resident of the borough and shall hold

office during the pleasure of the council; but no such recorder shall be removed without giving him an opportunity to be heard. Unless sooner removed, however, he shall hold office for one year and until his successor shall have qualified. He shall have the same jurisdiction and power in criminal matters, cases of bastardy, relief, removal and settlement of the poor, breaches of the peace, vagrancy and disorderly conduct, and violations of borough ordinances as is vested in the mayor, the same power and authority to issue process, try and determine said causes, and fine or imprison upon conviction, and shall receive the same fees."

*R. S.* 2:223–2. Recorder; five year term; powers and jurisdiction.

"The governing body of any borough may, by resolution, appoint a recorder to hold office for a term of five years from January first of the year of his appointment, and thereafter until a successor shall be appointed and qualify. He shall receive such compensation as the governing body shall fix by law and shall have the same jurisdiction, power and authority in criminal matters, cases of bastardy, relief, removal and settlement of the poor, breaches of the peace, vagrancy and disorderly conduct, and violations of municipal ordinances in the borough as is by law conferred upon justices of the peace and police recorders in boroughs."

These statutes give to the borough council authority to appoint a recorder for a period of either one year or for a period of five years. There is no power bestowed to appoint for anything other than one year or, in the alternative, five years. The alleged appointment of Mr. Linke on January 1st, 1944, for a period of three years was a nullity. The two quoted statutes explicitly provide for a one-year or a five-year appointment. The borough council has no power to make an appointment for a term greater or less than the term provided for by the statute which empowers them. See *Salter* v. *Burk,* 83 *N. J. L.* 152. From what has been said above, it follows that the relator is entitled to the office of recorder as against the incumbent, and it becomes unnecessary to discuss the other points raised by the relator's brief. A judgment of ouster is awarded to the relator with costs.